[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Bradley and Brenda Grubb were divorced on July 30, 1992. Ms. Grubb was awarded custody of the parties' two children. Bradley was earning $66,283 at the time and he was ordered to pay $575 per month per child for their support.
On July 8, 1997, the trial court sustained Bradley Grubb's motion to reduce his child support obligation to $237 per month per child. No appeal was taken by Brenda Grubb from that decision.
On June 19, 1997, Brenda Grubb filed a motion for a "definite pick-up time for summer visitation." Apparently, Bradley Grubb had scheduled summer visitation beginning June 23, 1997 at 9:00 A.M. Mrs. Grubb sought an order that summer visitation begin at 6:00 P.M. on Sunday, June 22, 1997 to avoid unnecessary day care expenses. She stated that her husband ignored her written requests for this small accommodation. The magistrate signed an "ex parte" order approving the pick-up time as requested on the same date as the motion.
On June 24, 1997, Bradley Grubb filed his objection to the June 19, 1997 ex parte order. On July 1, 1997, Brenda Grubb filed a motion to have her husband pay for the day care expenses for the week of June 23, 1997 and for attorney's fees incurred in filing the June 19, 1997 motion.
On August 4, 1997, the trial court revisited its July 8, 1997 ruling and overruled Mr. Grubb's objection to the ex parte order. The Court stated the following in its order.
 The Court does not find Movant to be underemployed, but merely experiencing a temporary slump which the Court expects Movant to move through rapidly. As Respondent stated in her objections, Movant's past success rate and aggressive positioning suggest that he should be earning more than his current income. Therefore, the Court will set a hearing to review Movant's employment and earnings. If Movant does not live up to the Court's expectations, i.e. if he has not increased his income or sought alternative employment which would do so, the Court will consider that he is not giving due regard to his income-producing abilities and duty to provide for his kids, and will impute income.
Bradley Grubb has timely appealed the August 4, 1997 decision. In two related assignments of error, Grubb claims the trial court violated his due process rights in issuing the ex parte order and in finding that the order was in the best interests of the children.
The record does not indicate whether appellant complied with the June 19, 1997 order. If he did, the matter is moot. If he didn't, the appellant has not demonstrated how he was prejudiced by the ex parte order. The trial court has not held him in contempt nor yet required him to pay the appellee's attorney's fees as she requested. In other words, the appeal of the August 4, 1997 decision as it relates to the "ex parte" order is not yet ripe for review.
In his third assignment, he contends the trial court erred in holding that it would impute income to him if he did not increase his income or seek alternative employment. This assignment of error is also premature. The court has not found that the defendant is underemployed or increased his child support obligation. The third assignment of error is likewise overruled. Appellant's appeal is hereby ordered DISMISSED.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Anne Catherine Harvey
Victor A. Hodge
Hon. Charles A. Lowman